# Kroger Grocery and Baking Company v. Plaggenburg.

(Decided May 1, 1923.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

False Imprisonment—Verdict Held Flagrantly Against Weight of Evidence.—A verdict for plaintiff in an action for false imprisonment held flagrantly against the weight of the evidence, which tended to show that she voluntarily accompanied defendant's officers at their request to give information concerning thefts of property from the store in which she was employed.

RICHARD G. WILLIAMS and GORDON, MORRILL & GINTER for appellant.

JOHN E. SHEPARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

This action was brought by appellee, Ethel Plaggenburg, against the Kroger Grocery and Baking Company, of Covington, to recover damages for false arrest, which she avers appellant company through its agents and servants wrongfully committed against her.

She was a cashier in one of the several stores owned and operated by appellant company in June, 1918. At the same store worked a Miss Hamlin as assistant cashier.

Several other persons were employed there. The store was in charge of one Tummins as manager; Mr. Burns was superintendent of this and several other stores belonging to the appellant company, and a Mr. Carroll was employment agent and had an office in Cincinnati where he interviewed persons applying for positions with appellant company in its different stores.

Appellee, Miss Plaggenburg, alleges and her evidence tends to prove that while she was engaged at the store of appellant company as cashier, she came to her place of employment at an early hour in the morning for the purpose of assuming her duties when she was called by the superintendent Burns to the rear of the store, out of the presence and hearing of other persons and there interviewed concerning property taken from the store by employes and there charged by Burns with the offense of theft by taking goods from the store at which she was

employed and later forcibly compelled by Burns and another employe to enter a Ford touring car which was at the front of the store and to be carried against her will to the office of the company in Cincinnati, where she was grilled and sweated in an effort to force her to confess that she had participated in the thefts, and where she did sign a written statement confessing she had wrongfully taken small articles from the store; that later in the same day she was carried from the office of the company in Cincinnati to the office of its attorney in the same city, where she was further interrogated and harassed and charged with theft; that as a consequence she was made sick and nervous and suffered much humiliation and physical pain to her damage in the sum of $2,900.00. Her testimony, while contradictory in some parts and very unsatisfactory upon the whole, tends in a general way to prove the averments of her petition. She called but one witness in chief to support her. His name is Harry Biedenhorn. At the time of the alleged arrest of appellee he was in the employment of appellant company as an inspector and collector. He testified that he was in the store on the morning of which the appellee complains she was arrested and went with her from the store to the office of the company in Cincinnati and from there to the office of the attorneys of the company, and that he saw and heard what took place and that the appellee was not arrested or coerced to get into the automobile in Covington to be carried to the office of the company in Cincinnati, nor from the office in Cincinnati to the office of the lawyer; that she went apparently of her own free will, having been requested to do so by Superintendent Burns in order to give information that would lead to the apprehension of those employes who had been guilty of taking goods from the store. According to his testimony the whole affair was very quiet and no one seemed to be disturbed, not even appellee; that at the office of the company as well as at the office of the attorney she seemed quiet and composed, laughing and talking with her companion, Miss Hamlin. She was not coerced, threatened or compelled to get into the car in Covington nor to go to the office of the company or the attorney's office. In fact his testimony contradicts that given by appellee in almost every important particular.

The company called several witnesses, including Peter W. Miller, Edward Carroll, G. A. Ginter, Edna Mc-

Donald, A. H. Morrill, and appellee's doctor, F. L. Keipper, all of whom contradicted the evidence given by appellee.

According to the evidence given by the witnesses for appellant, appellee was not arrested or coerced to enter the automobile in Covington to go to the office of the appellant company in Cincinnati, or to the office of its lawyer; that she was neither threatened, embarrassed nor worried; that she appeared to be in good humor and entirely willing to tell what she knew about thefts that had been committed in the store at which she was employed; that she was not charged with theft and was not grilled, tortured or sweated by the company or its employes in an effort to force her to confess. The evidence, together with the circumstances, is overwhelmingly against appellee. Indeed, we are constrained to believe that the verdict of the jury is flagrantly against the weight of the evidence.

For the same reasons set forth in the opinion in the case of Kroger Grocery & Baking Company v. Hamlin, reported in 193 Ky. 116, the judgment is reversed. All other questions are expressly reserved.

Judgment reversed.